*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF HILLSDALE COUNTY TREASURER FOR FORECLOSURE.

---

HILLSDALE COUNTY TREASURER,

Petitioner-Appellant,

v

TIMOTHY CARPENTER,

Claimant-Appellee.

UNPUBLISHED
December 28, 2023

No. 362826
Hillsdale Circuit Court
LC No. 2020-000345-CZ

---

*In re* PETITION OF HILLSDALE COUNTY TREASURER FOR FORECLOSURE.

---

HILLSDALE COUNTY TREASURER,

Petitioner-Appellant,

v

CAROLYN F. RAYMOND,

Claimant-Appellee.

No. 362843
Hillsdale Circuit Court
LC No. 2020-000345-CZ

---

Before: FEENEY, PJ., and RICK and HOOD, JJ.

PER CURIAM.

These combined cases involve the disposition of proceeds remaining from the tax-foreclosure sales of two properties. Petitioner, Hillsdale County Treasurer, appeals by delayed

-1-

leave granted[1] orders requiring petitioner to pay respondents, Timothy Carpenter (Docket No. 362826) and Carolyn F. Raymond (Docket No. 362843), the proceeds remaining from the tax-foreclosure sales of their properties and the satisfaction of each property's outstanding taxes, interest, penalties, and fees (collectively, the "tax debt"). Petitioner argues in both dockets that the trial court erred by ordering the payment of the remaining proceeds to respondents who had failed to file timely notices of their intentions to claim interests in the remaining proceeds (i.e., Form 5743), as required by MCL 211.78t(2). For reasons stated herein, we conclude that the trial court erred in its interpretation and application of MCL 211.78t. Accordingly, we reverse the trial court's orders and remand for entry of an order denying respondents' motions to disburse remaining proceeds.

## I. RELEVANT LEGAL BACKGROUND

The Michigan Supreme Court held in *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), that former owners of properties sold at tax-foreclosure sales for more than what was owed in taxes, interests, penalties, and fees had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." This right continued to exist after fee simple title to the properties vested with the foreclosing governmental unit (FGU). The FGU's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of [Const 1963]," and the former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 484-485. When the Court decided *Rafaeli*, the General Property Tax Act (GPTA), MCL 211.1 *et seq*., did not provide a means by which property owners could recover their surplus proceeds.

In response to *Rafaeli*, the Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. These acts purported to "codify and give full effect to the right of a former holder of a legal interest in property to any remaining proceeds resulting from the foreclosure and sale of the property to satisfy delinquent real property taxes under the [GPTA] . . . ." Enacting Section 3 of 2020 PA 255; Enacting Section 3 of 2020 PA 256. At issue in the current appeal is MCL 211.78t, a provision added to the GPTA by 2020 PA 256. Section 78t provides the means for former owners to claim and receive any applicable "remaining proceeds"[2] from the tax-foreclosure sales of their former properties.

On October 26, 2023, this Court in *In re Petition of Muskegon Co Treasurer for Foreclosure,* ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363764); slip op at 1, found that the statutory framework set forth in MCL 211.78t comports with "procedural due process and other constitutional requirements." The respondent property owners in *Muskegon Treasurer,* like the respondents herein, argued that MCL 211.78t's procedures were not the

---

[1] *In re Petition of Hillsdale Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered January 26, 2023 (Docket Nos. 362826 and 362843).

[2] *Rafaeli* referred to "surplus proceeds," and MCL 211.78t refers to "remaining proceeds." We use both phrases to denote the proceeds to which respondents are entitled after the tax-foreclosure sale and the satisfaction of their tax, regardless of how that amount is calculated.

exclusive means for reclaiming surplus proceeds after a foreclosure sale and that the petitioner engaged in an unlawful taking of their property. *Id.* at ___; slip op at 3. This Court disagreed: "The specific language of MCL 211.78t indicates our Legislature's intent for the statute to serve as *the sole mechanism* by which former property owners can recovery proceeds remaining after the sale or transfer of their foreclosed properties and the satisfaction of their tax debt and related costs." *Id.* at ___; slip op at 5 (emphasis added). In finding that MCL 211.78t's statutory scheme satisfied due process, this Court observed:

> [T]he statutory scheme mandates that an FGU (foreclosing governmental unit) *must* provide, at the time a judgment of foreclosure is effective, an explanation to *all* persons with an interest in property of their right to claim any proceeds remaining after the sale and satisfaction of tax debt. MCL 211.78g(2), MCL 211.78i(7). *If* a former property owner submits a timely Form 5743, *then* the FGU *must* pay out any remaining proceeds to that person in accordance with MCL 211.78t. The FGU has no discretion under this statutory framework. *Id.* at ___; slip op at 8.

This Court rejected the argument that respondents are entitled to post-sale notice of the remaining surplus. "Petitioner's notices were not rendered inadequate by the fact that they were sent to respondents before the tax-foreclosure sale—if anything, the earlier notice was an even greater safeguard of respondents' rights than the post-sale notice that they advocate for now." *Id.*, at ___; slip op at 9. This Court also determined that respondents had the opportunity to begin recovering the excess proceeds through "the minimally burdensome completion of a single-page form" which did "not justify application of the harsh-and-unreasonable consequences exception to the statutory notice requirement of MCL 211.78t(2)." *Id.* at __; slip op at 7.

Finally, this Court clarified that, pursuant to *Nelson v City of New York*, 352 US 103; 77 S Ct 195; 1 L Ed 2d (1956), no compensable taking occurred when property owners had a statutory path to recover surplus proceeds but "failed to avail themselves of that procedure." *Id.* at ___; slip op at 10. Accordingly, the *Muskegon Treasurer* respondents failed to show that MCL 211.78t or any part of the "statutory scheme violates due process or the Takings Clause," Const 1963, art 10, sec 2.

Clearly, pursuant to *Muskegon Treasurer,* the trial court erred by granting respondents' motions to disburse the remaining proceeds even though respondents did not comply with the requirements of MCL 211.78t(2).

## II. PERTINENT FACTS AND PROCEEDINGS

The material facts in this case are undisputed. Each respondent owned real property in Hillsdale County, and each respondent failed to pay the property taxes assessed on their property. Carpenter's failure to pay property taxes resulted in a tax and fee total of $5,757.68, and Raymond's failure to pay property taxes resulted in a tax and fee total of $1,703.16. Petitioner filed a verified petition for foreclosure under the GPTA that included both properties. The trial court granted the petition and entered a judgment of foreclosure on February 26, 2021. Respondents did not redeem their respective properties. As a consequence, the foreclosure became effective on March 31, 2021, and "absolute title" vested in petitioner by operation of MCL 211.78k(6). Petitioner sold Carpenter's foreclosed property at auction on August 18, 2021,

for $36,250. After satisfaction of his tax debt and deduction of the 5% sales commission mandated by MCL 211.78t(9), $28,679.82 remained. Petitioner then sold Raymond's foreclosed property at auction on August 26, 2021, for $24,000. After satisfaction of her tax debt and deduction of the 5% sales commission mandated by MCL 211.78t(9), $22,296.84 remained. Neither respondent timely submitted a Form 5743 that would have signified their intention to claim an interest in remaining proceeds by the July 1 immediately following the foreclosure of their properties. See MCL 211.78t(2).

Instead, each respondent moved in the trial court to claim the remaining proceeds from the tax-foreclosure sale of their properties. Petitioner opposed their claims on the basis that they had not timely complied with the notice requirement found in § 78t(2). After hearing oral argument on respondents' motions, the trial court determined that filing a notice of intention to claim an interest in remaining proceeds was discretionary and that § 78t(2) did not mandate a deadline for filing the form. On the basis of these determinations, the trial court granted respondents' motions to disburse remaining proceeds. Petitioner now appeals.

### III. INTERPRETATION AND APPLICATION OF MCL 211.78t

Petitioner contends that the trial court erred by awarding tax-foreclosure sales proceeds to respondents who did not timely comply with the notice requirements of MCL 211.78t(2).[3] We agree. We review de novo whether the trial court properly interpreted and applied the relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

In *Muskegon Treasurer,* ___ Mich App at ___; slip op at 1, 12, this Court made clear that the statutory framework in MCL 211.78t "comports with procedural due process and other constitutional requirements. Furthermore, the county treasurer followed the law by providing the required notices. Unfortunately, respondents did not similarly follow the law, and because they did not, they forfeited any right to the proceeds that remained after the satisfaction of their tax debts." We believe that *Muskegon Treasurer* addresses all the statutory construction and constitutional arguments that were raised in the trial court, save for two minor issues, raised by petitioner that we need not addressed and clarifies that the trial court erred in determining that respondents were entitled to receive the surplus proceeds of the foreclosure sales despite not timely filing the Form 5743. Because the facts presented in *Muskegon Treasurer* closely resemble those

---

[3] As an initial matter, we reject the contention that petitioner lacks standing to appeal because it is not an "aggrieved party." It cannot seriously be argued that petitioner does not have an interest in the proper, uniform, and predictable interpretation of MCL 211.78t. The Legislature intended for 2020 PA 255 and 2020 PA 256 to "codify and give full effect" to the right of foreclosed property owners to the proceeds remaining after the tax-foreclosure sale of their properties and the satisfaction of their tax debts. The Legislature identified § 78t as the "exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state." MCL 211.78t(11). If the trial court's orders requiring petitioner to pay respondents remaining proceeds contradicted the requirements of § 78t, petitioner is aggrieved for the purposes of appellate standing to challenge the trial court's implicit conclusion that petitioner did not properly fulfill its duties under the statute.

in the case before the Court, i.e., property owners whose land was foreclosed upon for failure to pay property taxes and who did not redeem the property or file the Form 5743, petitioner Hillsdale County Treasurer is correct that respondents cannot successfully challenge the constitutionality or efficacy of MCL 211.78t and are foreclosed from recovering any surplus or remaining proceeds.[4] Based upon *Muskegon Treasurer,* we find the trial court erred in its interpretation and application of MCL 211.78t. None of respondent's constitutional arguments convince us otherwise.

Accordingly, we reverse and remand for the trial court to enter judgment consistent with *Muskegon Treasurer*, *supra*. Petitioners may assess costs.

Reversed and remanded.

/s/ Kathleen A. Feeney
/s/ Michelle M. Rick
/s/ Noah P. Hood

---

[4] *Muskegon Treasurer,* ___ Mich App at ___; slip op at 12.